**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION**

| | |
|---|---|
| Rebecca L. Kruschke and Ruth Kruschke, | Civil File No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Enhanced Recovery Company, LLC, also known as Enhanced Recovery Corporation , | **JURY TRIAL DEMANDED** |
| Defendant. | |

Rebecca L. Kruschke and Ruth Kruschke bring this complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p, (the "FDCPA" or the "Act") against the defendant, Enhanced Recovery Company, LLC, also known as Enhanced Recovery Corporation (hereinafter the defendant or "ERC"), by stating:

**JURISDICTION AND VENUE**

1.      The jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      Venue is proper in this District because one of the plaintiffs resides here and the defendant transacts business here.

**PARTIES**

3.      The plaintiff, Rebecca L. Kruschke, is a resident of the city of Minneapolis and state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      The plaintiff, Ruth Kruschke,  is a resident of the city of Eau Claire and state of Wisconsin, and is a "person" as that term is defined by 15 U.S.C. § 1692d.

5.      Ruth Kruschke is the mother of her adult daughter, Rebecca Kruschke.

6.      The defendant, ERC, is a collection agency based in Jacksonville, Florida that does business in Minnesota.  Defendant ERC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.      Sometime prior to March 2011, the plaintiff, Rebecca Kruschke and her grandmother, Rachel D. Inman,  incurred a "consumer debt" with Target National Bank (hereinafter the "debt"), as that term is defined by 15 U.S.C. §1692a(5).  Inman is the grandmother of the plaintiff, Rebecca Kruschke.  Rachel Inman is 85 years old and has dementia.

8.      At all times relevant herein, Rachel D. Inman lived with her daughter, Ruth Kruschke, and Neil Kruschke, Ruth's husband, in Eau Claire, Wisconsin.

9.      Ruth Kruschke works for the Mayo Clinic in Eau Claire, Wisconsin in the triage department.

10.      Sometime after March 2011, ERC, in its attempt to collect the debt, initially called the home of Ruth Kruschke and Neil Kruschke in Eau Claire, Wisconsin.

11.      ERC then called the work telephone number of Ruth Kruschke at the Mayo.  Ruth Kruschke told ERC that it should stop calling her at her place of employment regarding the debt.

12.      Despite the fact that Ruth Kruschke told ERC not to call her at work, it continued to call her at the Mayo Clinic in Eau Claire, Wisconsin in an attempt to collect the debt.

13.      In one of ERC's collection calls to Ruth Kruschke at work, the collector got upset with Ruth and insisted this plaintiff needed to talk to him about settling this debt when she had no obligation to do so under the law.

14.     The calls to Ruth Kruschke violate at least §§1692c(b), 1692d, 1692e, 1692e(10) and 1692f of the Act because they are impermissible contacts with a third party, harassment, false, deceptive or misleading representations to collect a debt, and an unfair or unconscionable means used to collect the debt.

15.     In or about July 2011, ERC, by and through one of its debt collectors called the plaintiff, Ruth Kruschke's home in Eau Claire, Wisconsin.  The greeting on the Kruschkes' home telephone recorder and the ERC debt collection message state:

### Greeting
Hello, you've reached Neil and Ruth.  Can't get to the phone right now.  Please leave your name and a short message and your number, and we'll get back to you.  Thank you.

### Message
This message is for Rachel or Rebecca.  ____, then the following information is not for you.  This is Craig Crawford.  I have a business matter that I need to discuss with you.  I would appreciate a return call.  You can reach me toll free at 800-497-0351.  My extension is 1029.

16.     The telephone message violates § 1692d(6) of the FDCPA because the defendants fail to "meaningfully disclose" the debt collection company's name and the nature of the debt collector's business.

17.     The telephone message also violates §1692e(11) of the FDCPA because the defendant fails to tell the plaintiff that the defendant is a debt collector.

18.     The defendant's conduct caused the plaintiffs actual damages as defined by the FDCPA in the form of anger, frustration, emotional distress, fear, humiliation and anxiety from being harassed by the defendant and the plaintiffs are also entitled to statutory damages under the FDCPA.

## TRIAL BY JURY

19.     The plaintiffs are entitled to and hereby demand a trial by jury.  US Const., Amend. VII, Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20.     The plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

21.     The foregoing acts and omissions of the defendant constitute numerous and multiple violations of the FDCPA, including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22.     As a result of the defendant's violations of the FDCPA, the plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs respectfully pray that a judgment be entered against the defendant for:

a.      An award of actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      An award of costs and reasonable attorneys' fees in favor of the plaintiffs, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Such other and further relief as may be just and proper.

Respectfully submitted,


Dated:  November 2, 2011             By:   */s/ Michael G. Phillips*
                                     Michael G. Phillips
                                     **PHILLIPS LAW, PLLC**
                                     MN Attorney I.D. No. 0290105
                                     412 South Fourth Street, Suite 1155
                                     Minneapolis, MN 55415
                                     Telephone: (612) 677-8345
                                     Facsimile: (612) 344-1579
                                     mike@phillipslawmn.com

                                     **THE ATTORNEY FOR THE PLAINTIFFS**